FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 OCT 16 P 1: 39

CLERK'S OFFICE
AT GREENBELT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTIONE GLASCOE, | |
| Petitioner | Crim. No. PJM 12-0132 |
| | Civil No. PJM 15-2423 |
| v. | |
| UNITED STATES OF AMERICA | |
| Respondent | |

## MEMORANDUM OPINION

Antione Glascoe, through counsel, has filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF No. 71. For the reasons stated below, the Court **DENIES** the Motion.

On October 4, 2012, Glascoe pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On January 30, 2013, this Court sentenced him to a term of 87 months imprisonment after finding that he had two prior convictions that qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a), which in turn resulted in a ten-level increase in his offense level under U.S.S.G. § 2K2.1(a)(2). Specifically, the Court found that Glascoe had a second degree assault conviction and a resisting arrest conviction, both of which qualified as "crimes of violence."

On January 31, 2014, Glascoe filed a Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255, alleging ineffective assistance of counsel because his trial attorney failed to file a notice of appeal. ECF No. 45. The Court appointed counsel for Glascoe and, on July 30, 2015, appointed counsel filed a "Second Supplemental Memorandum" in support of Glascoe's First Motion to Vacate. ECF No. 64, 71. In addition to revisiting the ineffective assistance of counsel claim that was the subject of the First Motion to Vacate, the Second Supplemental Memorandum

1

also sought relief under recent Supreme Court cases *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). These grounds for relief were not raised in either Glascoe's First Motion to Vacate, ECF No. 45, or his filings attendant thereto, ECF Nos. 47, 53.

After an evidentiary hearing, the Court denied Glascoe's First Motion to Vacate with regard to the ineffective assistance of counsel claims but severed the Second Supplemental Memorandum, construing it as a Second Motion to Vacate under § 2255 in view of the new grounds claimed under *Johnson* and *Descamps*. ECF No. 72. This is the motion currently pending before the Court.

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge Blake of the District Court of Maryland that Glascoe was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson*, held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), might apply to his case. ECF No. 82. Chief Judge Blake agreed and appointed the Federal Public Defender to assist Glascoe in preparing a second § 2255 petition. *Id.*

Glascoe then filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) in the Fourth Circuit seeking authorization to file a second or successive § 2255 motion. ECF No. 83. On June 17, 2016, the Fourth Circuit granted him that authorization (*id.*), and on the same day, the Federal Public Defender filed a new Motion to Correct Sentence under § 2255 as a separate civil suit. ECF No. 84. On September 29, 2017, the Court denied the motion. ECF No. 87. Because Glascoe raises the same arguments in the present motion, it will not be granted.[1]

---

[1] To the extent the Second Supplemental Memorandum provides support for the ineffective assistance of counsel claim in Glascoe's First Motion to Vacate, that claim was denied by the Court on August 13, 2015. ECF No. 70.

2

Glascoe argues that, in light of the Supreme Court's decision in *Johnson*, his prior convictions for second degree assault and resisting arrest are no longer "crimes of violence." In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Glascoe argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, he argues, his crimes must fall under the "force clause" of the career offender provision of the Guidelines to constitute crimes of violence and, using the categorical approach of *Descamps*, he argues they cannot. However, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. In other words, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges.

Since Glascoe's Motion rests entirely on the argument that *Johnson* applies to his claim, the Court **DENIES** his Motion to Vacate Sentence Under 28 U.S.C. § 2255.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**October 13, 2017**

3